BLD-107                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3966
_____

In re:  VALETTE J. CLARK; MICHAEL CLARK;
PHILLIP CLARK; KRISTINA CLARK,
Petitioners

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to Civ. No. 2-15-cv-01328)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
January 14, 2016
Before:  FUENTES, KRAUSE and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 21, 2016)
_____

OPINION[*]
_____

PER CURIAM

On October 13, 2015, Valette J. Clark filed an application to proceed in forma

pauperis in the District Court.  She and three of her adult children ("Plaintiffs") seek to

file in forma pauperis a 451-paragraph complaint alleging a wide spread conspiracy

perpetrated by her ex-husband, who she alleges conspired with state court judges, the

Allegheny County Sheriff's Department, and numerous state officials, among many

_____
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

others.  Approximately two months later, Plaintiffs filed a petition for writ of mandamus, asking us to compel the District Court to rule on that application.[1]  The petition indicates that her application to proceed in forma pauperis is meritorious and should be granted.

Our jurisdiction derives from 28 U.S.C. § 1651, which grants us the power to "issue all writs necessary or appropriate in aid of (our) . . . jurisdiction and agreeable to the usages and principles of law."  A writ of mandamus is an extreme remedy that is invoked only in extraordinary situations.  See Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976).  To justify the use of this extraordinary remedy, a petitioner must demonstrate that he has "no other adequate means to obtain [that] relief," or that "the right to issuance [of the writ] is clear and indisputable."  Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

We will deny the petition for writ of mandamus.  Under the in forma pauperis statute, a federal court may authorize the commencement of a civil action without prepayment of the filing fee, 28 U.S.C. § 1915(a), after which "[t]he officers of the court shall issue and serve all process," id. at § 1915(d).  However, notwithstanding any financial eligibility to proceed in forma pauperis, "the court shall dismiss the case at any time" if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  Id. at § 1915(e)(2)(B).  In view of the statute's grant of authority to the District Court to dismiss a complaint at any time, if proper under 28

---

[1] Each of the four plaintiffs signed the mandamus petition.  However, only Clark signed the application to proceed in forma pauperis in the District Court.

U.S.C. § 1915(e)(2)(B), the petitioners have not demonstrated a clear and indisputable right to a *grant* of the in forma pauperis application *and* resulting service of the complaint.

Moreover, although we may issue a writ of mandamus when a district court's "undue delay is tantamount to a failure to exercise jurisdiction," Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), there has been no such delay here. Clark filed her application in October, and the delay in ruling on that application is a modest one. See. id. (holding that the district court's delay of almost seven months was "of concern"); see also Hassine v. Zimmerman, 160 F.3d 941, 954 & n.12 (3d Cir. 1998) (noting that district court delay must be "extraordinary" to warrant mandamus relief). We are confident that the District Court will rule on Clark's application to proceed in forma pauperis in a timely manner. Accordingly, we will deny the mandamus petition.